## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 05-3048-CM |
| | ) | No. 03-20023-03 |
| MICHELLE HOLTSCLAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On February 27, 2003, a grand jury returned a one-count indictment charging defendant with distribution of fifty grams or more of methamphetamine. On May 30, 2003, defendant entered a plea of guilty to Count 1, and the court accepted the plea. The court sentenced defendant to ninety-seven months imprisonment on August 28, 2003, and judgment was entered on September 9, 2003. The sentence became final ten days after entry of judgment, when her time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(I); *United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000).

This case is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 85), which defendant filed January 26, 2005. Defendant argues that the court erroneously sentenced her based on "facts that were not found by a jury or admitted by [defendant]." She argues that she is entitled to relief pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). In response to defendant's motion, the government filed Government's Motion for Enforcement of the Plea Agreement (Doc. 87). The government asks the court

to enforce the plea agreement and argues that defendant's motion is untimely.  The court first addresses the

timeliness of defendant's motion.

**I.      Statute of Limitations**

A § 2255 motion must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's January 26, 2005 filing was untimely under subsection (1) because it was filed more

than one year after her conviction became final.  And no other subsections of § 2255 permit defendant to

raise her claim beyond that date.  Defendant seeks relief under *Blakely* and *Booker*, but the Tenth Circuit

has held that neither decision is retroactive.  *See United States v. Price*, 400 F.3d 844, 849 (10th Cir.

2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker*).  The

Supreme Count issued *Blakely* on June 24, 2004 and *Booker* on January 12, 2005.  Both opinions were

issued after defendant's conviction was final.  The court finds that defendant's motion is barred by the one-

year statute of limitations, and the court denies the motion on that basis.

**II.     Plea Agreement**

The court also finds that defendant waived her right to challenge her sentence in her plea agreement.

The government asks the court to enforce the plea agreement based on petitioner's waiver of her right to

collaterally attack any matter in connection with her prosecution and sentence. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived her rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

**A.      Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in petitioner's plea agreement provides:

> **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when [she] entered [her] plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

In the case at hand, defendant claims that the court improperly sentenced her. The court finds that defendant's claim falls squarely within the waiver in the plea agreement, in which defendant agreed that she would not collaterally attack any matter in connection with her sentence.

**B.     *Knowing and Voluntary***

The concluding paragraph of the plea agreement, immediately prior to the signatures of the parties, provided:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that [she] has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

The court has also reviewed the record of the case. Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary. Because defendant is "bound by [her] solemn declarations in

-4-

open court," *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996), the court finds that defendant knowingly and voluntarily entered her plea.

### C.      Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.  Defendant bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted).  Defendant has not made arguments with respect to any of these factors, and has not met her burden with respect to any of the factors.

### III.      Merits of Defendant's Claim

Even if the court were to consider the merits of defendant's claim, the result would be the same. Defendant seeks relief based on *Blakely* and *Booker*.  As previously noted, *Blakely* and *Booker* do not apply retroactively.  *See Price*, 400 F.3d at 849; *Bellamy*, 411 F.3d at 1188.  Defendant is not entitled to relief on her claim that she was improperly sentenced based on facts that were not presented to a jury or proved beyond a reasonable doubt.

### IV.      Conclusion

The files and record before the court conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 85) is denied.

**IT IS FURTHER ORDERED THAT** Government's Motion for Enforcement of the Plea Agreement (Doc. 87) is granted.

Dated this 12th day of May 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**